W.P. 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 357

-----------------------------------------------------------x

ROBERT BARTOSH,
on behalf of himself and all others similarly situated,

Plaintiff,

-against-

COLLECTO, INC.

Defendant.

-----------------------------------------------------------x

**CLASS ACTION COMPLAINT**

FILED
U.S. DISTRICT COURT
2007 JAN 17 AM 9: 14
S.D. OF N.Y.

Plaintiff, by and through his undersigned attorneys, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant, and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. Plaintiff Robert Bartosh brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE



2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

PARTIES

4. Plaintiff Robert Bartosh (hereinafter "Bartosh") is a resident of the State of New York, Dutchess County. On or about December 20, 2006, plaintiff received a debt collection notice from defendant at plaintiff's home address. **Exhibit A.**

5. Collecto, Inc. is a Massachusetts Business Corporation active in New York with its principal place of business located at 700 Longwater Drive, Norwell, Massachusetts. The principal purpose of defendant Collecto Inc. is the recovery of debts allegedly due another.

CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class") who have received debt collection notices and/or letters from the defendant, which are in violation of the FDCPA as described in paragraphs numbered 15-19, during the period of time beginning one year prior to the filing of the complaint and upon and until the present. Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Colecto, Inc.

7. This action is properly maintained as a class action. This Class satisfies

all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant that violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692g(a)(3), 1692g(a)(4) and 1692e(10).

b. Whether plaintiff and the Class have been injured by the defendant's conduct;

c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about December 20, 2006, defendant sent an initial collection letter to plaintiff Bartosh demanding payment of a debt allegedly owed to Verizon Wireless. A copy of said letter is annexed hereto as **Exhibit A**.

16. The collection letter stated:

"PLEASE SEND ALL PAYMENTS AND CORREPONDENCE to:

VERIZON WIRELESS, PO BOX 15062, ALBANY NY 12212-5062

If you have any question regarding billing on your account, please contact a Verizon Wireless Financial Services Representative at 1-800-537-8649."

17. Defendant has misled the consumer by directing him to contact the creditor, an entity, when contacted by any medium, will neither trigger nor preserve the significant consumer protections afforded him when the consumer directs a dispute to the debt collector as provided by 15 U.S.C. § 1692g(b).

18. The language contained in defendant's collection letter not only overshadows

15 U.S.C. § 1692g, but also violates § 1692g(a)(4), as it funnels the consumer to contact the creditor.

19. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

FIRST CAUSE OF ACTION
(Violations of the FDCPA)

20. Each of the above allegations is incorporated herein.

21. Defendant's debt collection letter violated and overshadowed various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692g(a)(3), 1692g(a)(4) and 1692e(10).

22. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages.

d) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff such other and further relief as the Court may deem just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: January 16, 2007
Uniondale, New York

Lawrence Katz (LK-0062)
Abraham Kleinman (AK-6300)
Katz & Kleinman PLLC
626 Reckson Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile (888) 903-8400

**EXHIBIT A**

CCA
Collection Company of America

December 20, 2006

PO BOX 329
NORWELL MA 02061-0329
Phone Number : 1-214-630-3322
Toll Free : 1-866-239-9557 - for questions regarding payment.

**Office Hours :**
Monday - Thursday 7:00AM - 9:30 PM CT
Friday 7:00AM - 5:00 PM CT
Saturday 7:00AM - 12:00 PM CT

PAST DUE BALANCE

RE : Your Account with our client : Verizon Wireless
Client Reference # : 088027285700001
CCA Account # : 11-28531062

| | |
|---|---|
| Principal : | $ 1711.57 |
| Charges : | $ 0.00 |
| Other Accounts : | $ 0.00 |
| **Total Due :** | **$ 1711.57** |

Your account has been placed with Collection Company of America for collection. This is a request for payment of your past due debt to **Verizon Wireless.** We urge you to remit payment, unless you dispute this debt. If you dispute this debt please see the reverse side of this notice for important rights.

Detach the coupon and return with your payment in the enclosed envelope. Make checks payable to **Verizon Wireless.**

PLEASE SEND ALL PAYMENTS AND CORRESPONDENCE to:
VERIZON WIRELESS, PO BOX 15062, ALBANY NY 12212-5062

If you have any question regarding billing on your account, please contact a Verizon Wireless Financial Services Representative at 1-800-537-8649.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

New York City Department of Consumer Affairs License Number 0960830.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT RIGHTS**

01157

✂ Detach Bottom Portion And Return With Payment ✂

CCA
PO BOX 329
NORWELL MA 02061-0329
FORWARD SERVICE REQUESTED

If you wish to pay by VISA or MasterCard, fill in the information below and return.

Credit Card Number ____ - ____ - ____ - ____ Check One: ☐ ☐

Payment Amount ____ Expiration Date: ____

Card Holder Name ____ Signature of Card Holder ____ Date ____

PERSONAL & CONFIDENTIAL
S-ONCCOA11 L-157 A-11-28531062-01
P07WGP00209079 I14553
ROBERT BARTOSH
33 BUSH CREEK LN
POUGHQUAG NY 12570-5557

MAIL PAYMENT TO:
01157

VERIZON WIRELESS
PO BOX 15062
ALBANY NY 12212-5062

Client Reference # : 088027285700001
Amount : $ 1711.57
Amount Enclosed : $ ____ . ____

Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.